UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MICHAEL CARDO,

        Plaintiff,

    -v-                           07 Civ. 8667(JSR)

ARLINGTON CENTRAL SCHOOL DISTRICT,   MEMORANDUM ORDER
ERIC SCHETTER, DAVID GODDARD, and
JAMES BAKER,

        Defendants.
------------------------------------x



JED S. RAKOFF, U.S.D.J.

      Plaintiff Michael Cardo brings this action, pro se, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, alleging that defendants discriminated against him on the basis of his age and his disabled status. Cardo also brings a claim under New York common law against defendant James Baker for defamation. On March 19, 2009, defendants -- Cardo's former employer, County of Arlington School District (the "District"), and three individuals who were Cardo's colleagues at the District -- moved for summary judgment. On January 19, 2010, the Honorable Paul E. Davison, United States Magistrate Judge, issued a Report and Recommendation ("Report") recommending that the Court grant defendants' motion in part and deny it in part. In particular, Magistrate Judge Davison recommended: (1) that the motion be granted as to all of plaintiff's discrimination claims against the individual

defendants; (2) that the motion be denied with respect to the plaintiff's ADEA claim against Arlington; (3) that, with respect to the plaintiff's claim under the ADA against Arlington, the motion be granted insofar as the claim is premised on a theory of actual disability but denied insofar as it is premised on a theory of perceived disability; and (4) that the motion be denied as to plaintiff's defamation claim against Baker. Defendants timely filed objections to the Report, and, accordingly, the Court has reviewed the underlying record de novo, including the motion papers of both sides. Having done so, the Court, finding itself not persuaded by the Magistrate Judge's reasons for denying parts of the defendants' summary judgment motion, hereby grants the motion in its entirety and dismisses the complaint.

The facts pertinent to the motion, either undisputed or, where disputed, taken most favorably to plaintiff, are as follows. In 2000, when he was 70 years old, Michael Cardo began working as a volunteer wrestling coach at LaGrange Middle School ("LaGrange"), a school within the District. Deposition of Michael Cardo, dated October 15, 2008 ("Cardo Dep.") at 50:11-13. Two years later, the District hired Cardo to work in a similar capacity as a paid wrestling coach at LaGrange. Id. at 53:5-7. For each of the next three academic years, Cardo was reappointed as a paid wrestling

coach.[1]  Id. at 55:23-25, 58:7-10, 59:4-8.  In addition, the District appointed Cardo as a track coach at Arlington High School for the 2004-2005 and 2005-2006 academic years.  Id. at 63:63.  During the 2005-2006 academic year, however, defendants David Goddard, Arlington's athletic director, and Eric Schetter, principal of LaGrange, received several complaints regarding Cardo's job performance, principally regarding his inability to work constructively with other coaches.  Affidavit of David Goddard, dated March 10, 2009 ("Goddard Aff.") at ¶ 5-6; Affidavit of Eric Schetter, dated March 10, 2009 ("Schetter Aff.") at ¶ 7.

In August of 2006, Cardo informed Schetter that he was interested in an open position as head coach of the LaGrange wrestling team.  Report at 3.  On the basis of the aforementioned complaints, however, the District initially decided against reappointing Cardo as a wrestling coach, in any capacity, for the 2006-2007 academic year.  Schetter Aff. at ¶ 7.  However, because of an unexpected increase in the number of students interested in wrestling at LaGrange in the fall of 2006, Schetter felt that an extra coach was necessary, and, in or around November of 2006, the District hired Cardo to another term as an assistant wrestling coach.  Id. at ¶ 8.

---

[1] Positions such as plaintiff's require an annual appointment by the District's Board of Education.  See Affidavit of L. Edward Lynn, dated March 13, 2009 ("Lynn Aff.") at ¶ 1

On December 14, 2006, defendant James Baker, a special education teacher in the District and the new head coach of the wrestling program at LaGrange, wrote a letter to Schetter requesting Cardo's removal. Baker's letter alleged, first, that Cardo was "not physically able to meet the demands of the sport and thereby pose[d] a safety risk to himself and the students." Declaration of Julie A. Rivera, dated March 18, 2009 ("Rivera Decl.") at Ex. G (the "Baker Letter"). Baker's letter further alleged Cardo's lack of "professionalism on the job." See id. The letter set forth several incidents reflecting poorly on Cardo's professionalism, including his argumentative and confrontational attitude with students and his tendency to criticize the other coaches in front of students. Id. A few days later, Goddard informed Cardo that the District was terminating his position, effective at the end of December, 2006. Report at 3.

Notwithstanding this letter, in the spring of 2007 the District appointed Cardo to a track coaching position at Arlington High School. Goddard Aff. at ¶ 9. At a track meet during that season, however, Cardo initiated an argument with a track official in which he aggressively advised the official that she was not doing her job properly. See Cardo Dep. at 99-103. Based on this incident, the District declined to reappoint Cardo as a track coach for the following year. Goddard Aff. ¶ 9.

4

Cardo suffers from osteoarthritis in his right knee. Cardo Dep. at 8:10-11. Because of this condition, he "ha[s] trouble" going up and down stairs, cannot "run on level ground," and must "walk slowly on hard surfaces." Id. at 10:8-17. According to Cardo, however, the condition did not require any accommodation because it "did not interfere with my ability to do my job." Id. at 10:3-7.

On the basis of the foregoing, Cardo alleges that defendants discriminated against him on the basis of his age, in violation of the ADEA, and on the basis of his disability, in violation of the ADA; he further alleges that Baker defamed him in his letter to Schetter and Goddard, in violation of New York common law.

As an initial matter, the Court notes that individuals may not be held personally liable under the ADA or the ADEA for their role in facilitating the violation of those statutes. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Cheny v. Toussaint, 50 Fed. Appx. 476, 477 (2d Cir. 2002). Accordingly, the Court concludes that -- separate and apart from the substantive merits of Cardo's claims under the ADA and ADEA -- summary judgment must be granted in favor of the individual defendants with respect to those claims.

With that preliminary matter settled, the Court moves to consider the substance of Cardo's age discrimination claim as against the District. To succeed on a claim of age discrimination under the ADEA, Cardo must establish that he suffered an adverse employment

action under circumstances giving rise to an inference of discrimination on the basis of his age.[1] See Leibowitz v. Cornell University, 584 F.3d 487, 498 (2d Cir. 2009). Cardo himself reports that at no point during his time working at Arlington did he ever feel that he was treated differently because of his age, nor did he ever experience discriminatory comments directed toward his age. Cardo Dep. 55:16-22; 56:22-25; 57:1-18. The only evidence in the record that could possibly support an inference that the District termination of Cardo's position was motivated by discriminatory animus is the fact that it was precipitated by Baker's letter, which included statements that relate to Cardo's physical condition. See Baker Letter (stating that Cardo is "fragile" and not "fast enough" for the position). These few, ambiguous remarks by Baker are woefully insufficient as a matter of law to raise an inference of age discrimination on the part of the District as an entity. It is undisputed that Baker, as a special education teacher and a Middle School wrestling coach, had no independent authority to issue recommendations to the Board of Education regarding extracurricular appointments. Moreover, there is no evidence in the record to suggest that those individuals who did hold such authority, namely

---

[1] Defendants do not dispute for purposes of this motion the presence of the other requisite factors for an ADEA age discrimination claim, namely that Cardo: (1) was a member of a protected class, (2) was qualified for the position at issue; and (3) was subjected to an adverse employment action. See Report at 10-11.

6

defendants Schetter and Goodard, were motivated, in any respect, by concerns regarding Cardo's age.

Indeed, Schetter and Goodard repeatedly demonstrated their indifference to Cardo's age in evaluating his candidacy for coaching positions in the District. Based on their favorable recommendations, the District appointed Cardo as a paid wrestling coach at the ages of, respectively, seventy-two, seventy-three, seventy-four, seventy-five, and seventy-six. Further, several months after Cardo's dismissal as an assistant wrestling coach at LaGrange, the District reappointed him as a track coach at Arlington High School. Cardo presents no evidence that the District ever considered his age in making any of these appointments, nor does he offer an explanation as to why the District suddenly developed a heretofore-absent discriminatory animus in December of 2006, or why this animus just as suddenly subsided in the spring of 2007. On the basis of the foregoing, the Court concludes that one cannot reasonably infer from the competent evidence that the District terminated Cardo on the basis of his age.

As to Cardo's claim that the District discriminated against him on the basis of his perceived disability, in violation of the ADA, Cardo, as noted, suffers from osteoarthritis in his right knee. Although this condition does not affect his ability to perform his responsibilities as a wrestling coach, it does cause him some

difficulty climbing stairs, running on level ground, and walking quickly on hard surfaces. Cardo Dep. 10:3-17.

Cardo, however, does not claim that his osteoarthritis constitutes an actual disability under the ADA, Compl. at 4, which defines "disability" as "a physical or mental impairment that substantially limits ... [a] major life activit[y]." 42 U.S.C. § 12102(2); see also, e.g., Colwell v. Suffolk County Police Dept., 158 F.3d 635, 643 (2d Cir. 1998) (running not a major life activity); Rogers v. City of New York, 2008 WL 2937801, at *1 (S.D.N.Y. 2008) (having difficulty climbing stairs not a disability by the ADA); Sussle v. Sirina Protection Systems Corp., 269 F. Supp. 2d 285, 312 (July 30, 2008, S.D.N.Y.) (having difficulty walking under certain conditions not a disability under the ADA). Rather, Cardo claims that he has an actionable claim under the ADA because the District incorrectly "regarded" him as having a qualifying disability, yet failed to take affirmative steps to accommodate that disability. See 42 U.S.C. § 12102(2)(C); Compl. at 4. The sole evidentiary basis on which Cardo alleges that the District held such a misperception is Baker's letter, which stated that Cardo was "fragile" and "unable to move quickly." See Baker Letter. As an initial matter, Cardo can, again, point to no evidence by which the Court could infer that the District shared Baker's views regarding Cardo's perceived physical limitations. Moreover, nothing in Baker's letter identifies a

8

condition that, as a matter of law, constitutes a substantial limitation of a major life activity under the ADA. As such, even assuming that the District wholly shared the views expressed in Baker's letter, this would not establish that the District regarded Cardo as having a qualifying disability under the ADA, let alone one that required an accomodation. Accordingly, the Court concludes that Cardo's claim under the ADA must be dismissed.

Finally, the Court turns to Cardo's defamation claim under New York common law against Baker. Under § 3813 of New York State Education Law, "no action or ... proceeding founded upon tort shall be prosecuted or maintained against ... any [school employee] acting ... within the scope of his employment ... unless a notice of claim" is presented to the "governing body of the school" within ninety days of the alleged tort's commission. N.Y. Education Law §3813(2); N.Y. General Municipal Law § 50(e); see also Parochial Bus. Sys., Inc. v. Bd. of Educ., 60 N.Y.2d 539, 547-48 (N.Y. 1983)(noting that New York Courts have "always insisted that statutory requirements mandating [notice of claims] to the proper public body ... must be fulfilled" even when doing so engenders "a harsh result" and the public body was not prejudiced by the lack of notice). As Cardo did not properly present the District or Baker with notice of his defamation claim within the requisite time period, and in the form required under New

York law, the Court concludes that, for this reason alone, his defamation claim must be dismissed.

For the foregoing reasons, the Court hereby grants the defendants' motion for summary judgment, with prejudice, in its entirety.  Clerk to enter judgment.

SO ORDERED

Dated:   New York, NY
         January 11, 2011                 _____
                                          JED S. RAKOFF, U.S.D.J